**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RONNIE YOUNG** | **CIVIL ACTION** |
| **VERSUS** | **NO.  08-1424** |
| **ALVIN JONES** | **SECTION "S"(4)** |

<u>**REPORT AND RECOMMENDATION**</u>

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]

**I.**     <u>**Factual and Procedural Background**</u>

The petitioner, Ronnie Young ("Young"), is a convicted inmate presently incarcerated in the Riverbend Detention Center in Lake Providence, Louisiana.[2]  On September 20, 2004, Young was charged by bill of information in Tangipahoa Parish with the attempted second degree murder of

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 12.

Georgia Butler and simple arson.[3]  The charges were based on Young's arrest after he threw gasoline

on Georgia Butler, with whom he shared a residence, and then lit her on fire.[4]  He also lit the

residence and a car on fire before fleeing the seen.  This was not the first time Young attempted to

set the victim on fire.[5]  As a result of this incident, the victim spent six weeks in the hospital and

suffered permanent scarring and loss of use of her right arm.[6]

On March 7, 2005, Young entered pleas of no contest[7] to both counts in return for a sentence

of 15 years without parole, probation or suspension of sentence for the attempted second degree

murder count and a concurrent sentence of 15 years of hard labor for the simple arson count.[8]  The

Trial Court accepted the pleas and sentenced Young accordingly.  Young did not appeal or seek

reconsideration of his sentence.  His convictions therefore became final 30 days later, on April 6,

2005.  *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a

conviction is final when the state defendant does not timely proceed to the next available step in the

state appeal process); *see Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty

---

[3]St. Rec. Vol. 1 of 2, Bill of Information, 9/20/04.

[4]St. Rec. Vol. 1 of 2, Initial Follow-up Report, 5/29/04.

[5]St. Rec. Vol. 1 of 2, Plea Transcript, p. 3, 3/7/05.

[6]*Id.*, pp. 3, 5-6.

[7]*Id.*, p. 10.  Under Louisiana law,  a plea of no contest is equivalent to an admission of guilt and is treated as
a guilty plea. *See State v. Gordon*, 896 So.2d 1053, 1061 (La. App. 1st Cir. 2004), *writ denied*, 897 So.2d 600 (La. 2005).

[8]St. Rec. Vol. 1 of 2, Plea Transcript, 3/7/05; St. Rec. Vol. 2 of 2, Plea Minutes, 3/7/05.

pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914[9]).

In the meantime, on March 16, 2005, Young submitted to the Trial Court an application for a writ of habeas corpus raising three claims:[10] (1) ineffective assistance of counsel; (2) he was detained for four months without an arraignment; and (3) he was not properly *Boykin*-ized and was not asked to admit to the charges before his plea was accepted. The Trial Court denied relief in open court on March 24, 2005.[11]

Young later moved the Trial Court to amend his sentence and to consider mitigating factors not presented at the hearing.[12] The Court denied the motion without stated reasons on August 15, 2005.[13]

Young applied again for post-conviction relief based on double jeopardy in an application filed March 13, 2006, with the Trial Court.[14] The Trial Court denied relief as a matter of law on March 15, 2006.[15] His writ application to the Louisiana First Circuit Court of Appeal was denied

---

[9]At the time of the conviction, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Failure to move timely for appeal under Article 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days to file the notice of appeal. This amendment applies to petitioner's case.

[10]St. Rec. Vol. 2 of 2, Application for Writ of Habeas Corpus, 3/21/05 (signed 3/16/05).

[11]St. Rec. Vol. 1 of 2, Minute Entry, 3/24/05; St. Rec. Vol. 2 of 2, Trial Court Order, 3/24/05.

[12]St. Rec. Vol. 2 of 2, Motion for Amendment of Sentence, 8/9/05 (dated 8/8/05).

[13]St. Rec. Vol. 2 of 2, Trial Court Order, 8/15/05.

[14]St. Rec. Vol. 2 of 2, Uniform Application for Post-Conviction Relief, 3/13/06 (February, 2006 without a day specified).

[15]St. Rec. Vol. 2 of 2, Trial Court Order, 3/15/06.

on the showing made because he failed to attach the necessary documentation for the Court to review his claims.[16]

Young's next application for post-conviction relief was filed by the Trial Court on November 2, 2006, and alleged that his counsel was ineffective because he was coerced into entering the no contest pleas and because the sentence was entered without mitigation.[17]  The Trial Court denied relief on November 8, 2006, because the record showed that the plea was in Young's best interest.[18] Young's related writ application to the Louisiana First Circuit was denied on the finding that the plea was knowingly and voluntarily entered, citing *State v. Jackson*, 916 So.2d 1015 (La. 2005).[19] The Louisiana Supreme Court also denied Young's writ application on November 9, 2007, without stated reasons.[20]

[16]St. Rec. Vol. 1 of 2, 1st Cir. Order, 2006-KW-0534, 6/26/06.

[17]St. Rec. Vol. 2 of 2, Uniform Application for Post-Conviction Relief, 11/2/06 (signature not dated).

[18]St. Rec. Vol. 2 of 2, Trial Court Order, 11/8/06.

[19]St. Rec. Vol. 1 of 2, 1st Cir. Order, 2006-KW-2369, 1/24/07.

[20]St. Rec. Vol. 1 of 2, La. S. Ct. Order, 2007-KH-0316, 11/9/07; La. S. Ct. Letter, 2007-KH-316, 2/14/07 (showing postmark 1/30/07).

## II.   **Federal Petition**[21]

On April 17, 2008, the clerk of this Court filed Young's writ application in which he alleges that his conviction violates the prohibition against double jeopardy.[22]  The State filed a response and memorandum in opposition to Young's petition arguing that his claim is without merit.[23]

## III.   **General Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[24] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on February 28, 2008.[25]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[21]The Court notes that Young filed another habeas petition which was transferred to this Court on January 14, 2008, and was filed as Civ. Action No. 08-0888"S"(4) raising two ineffective assistance of counsel claims.  The cases have not been consolidated.  The other petition will be separately addressed under that case number.

[22]Rec. Doc. No. 5.

[23]Rec. Doc. Nos. 10, 11.

[24]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[25]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Young's federal habeas petition on April 17, 2008.  Young dated his signature on the petition on February 28, 2008.  This is presumed to be the earliest date on which he could have delivered it to prison officials for mailing.

The State has not raised any procedural defenses and the Court can find none from the record provided.[26]  The Court will proceed to the merits of the claim raised.

## IV.   <u>Standards of Review of the Merits</u>

The AEDPA standard of review is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000).  It provides different standards for questions of fact, questions of law, and mixed questions of fact and law.

A state court's determinations of questions of fact are presumed correct and the court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(2); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001).  The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA.  The standard provides that deference be given to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill*, 210 F.3d at 485.

A state court's decision can be "contrary to" federal law if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court

---

[26]Because the State failed to provide the Court with a copy of the writ application filed with the Louisiana Supreme Court, the Court is unsure whether the double jeopardy claim was raised beyond the writ application filed in the Louisiana First Circuit.  Nevertheless, the failure to exhaust does not prevent the Court from denying relief on the claim.  28 U.S.C. § 2254(b)(2).

decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Hill*, 210 F.3d at 485.  A state court's decision can involve an "unreasonable application" of federal law if it either: (1) correctly identifies the governing rule but then applies it unreasonably to the facts; or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law. *cf. Wright v. West*, 505 U.S. 277, 304 (1992).  The court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law. *See e.g., Id.*, at 305; *see also Chambers v. Johnson*, 218 F.3d 360, 364 (5th Cir.), *cert. denied*, 531 U.S. 1002 (2000).  "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" (brackets in original) *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)); *Bell v. Cone*, 535 U.S. 685, 699 (2002)).

Thus, under the "unreasonable application" determination, the court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002).  The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner.  *Price*, 538 U.S. at 641 (quoting  *Woodford*, 537 U.S. at 24-25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006).

## V.    <u>Double Jeopardy</u>

Young alleges that his conviction on both attempted second degree murder and simple arson violates double jeopardy.  Young fails to set forth any argument in support of this claim. The State argues that double jeopardy did not attach and that it acted properly in charging Young with distinct crimes arising from a common event.

Young raised this claim in his first application for post-conviction relief.  The state courts' addressing the issue did not state reasons to support the denial of relief.

Young's double jeopardy claim raises a mixed question of law and fact for purposes of this court's federal habeas review.  *Carlile v. Cockrell*, 51 Fed. Appx. 483, 2002 WL 31319380, at *1 (5th Cir. 2002) (applying the AEDPA's mixed question standard to a double jeopardy claim); *Johnson v. Karnes*, 198 F.3d 589, 593 (6th Cir. 1999) (same).

The Double Jeopardy Clause of the Fifth Amendment protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.  *Brown v. Ohio*, 432 U.S. 161, 165 (1977).  Young's claim arises under the third prong.  Punishment for the same offense is determined by "whether each provision requires proof of an additional fact which the other does not."  *Id.*, at 166 (quoting *Blockburger  v. United States*, 284 U.S. 299, 304 (1932)).  In *Blockburger*, the Supreme Court held that "the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."  *Id.*, 284 U.S. at 304.   To meet this test, the Court must "compare the criminal statutes at issue and inquire whether each provision requires proof of an additional fact that the other does not."  *United States v. Singleton*, 16 F.3d 1419, 1442 (5th Cir. 1994) (citing *Blockburger*, 284 U.S. at 304); *United*

*States v. Fisher*, 106 F.3d 622, 632 (5th Cir. 1997) ("Double jeopardy concerns are not raised if each crime charged requires an element of proof the other crimes charged do not."); *accord Bias v. Ieyoub*, 36 F.3d 479, 480 (5th Cir. 1994).

Under Louisiana law, the offense of second degree murder is defined by Louisiana law as "the killing of a human being: (1) [w]hen the offender has a specific intent to kill or to inflict great bodily harm; or (2) [w]hen the offender is engaged in the perpetration or attempted perpetration of . . . aggravated arson . . ." La. Rev. Stat. Ann. § 14:30.1. The "attempt" element is defined by La. Rev. Stat. Ann. § 14:27 which provides in pertinent part that "[a]ny person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object."

The Court references the second prong of the second degree murder statute for the sole purpose of pointing out that it was not relevant to Young's case. Young was never charged with aggravated arson and that crime was not a basis for the attempted murder charge. Young instead was charged with and convicted of simple arson after setting the house and car on fire.[27] Simple arson is not a listed basis to support a second degree murder charge.

Furthermore, at the plea hearing, the Trial Court relied only on the first prong to define second degree murder to Young as the specific intent to kill a person.[28] Therefore, the charge against Young and his subsequent conviction were based on his attempt to kill Butler with specific intent by dousing her with gasoline and lighting her person on fire.

---

[27]St. Rec. Vol. 1 of 2, Bill of Information, 9/20/04; Plea Transcript, pp. 8-9, 3/7/05.

[28]St. Rec. Vol. 1 of 2, Plea Transcript, p. 9, 3/7/05.

Young was also charged in a separate count with simple arson, which is defined in La. Rev. Stat. Ann. § 14:52, in pertinent part, as the "intentional damaging by any explosive substance or the setting fire to any property of another, without the consent of the owner . . . ."  This is the language used in the bill of information and upon which Young was convicted for setting the residence and car on fire.[29]

Comparing the two statutes and the record, it is clear that Young's burning of the residence and car was not only a separate act, but was one which required proof that he set a fire to property (not a person) without the consent of the owner.  None of this was a required element of proof or fact related to the attempted second degree murder charge, which required the state to establish that Young had specific intent to kill Butler when he lit her person on fire.  Young's convictions on each charge did not violate the prohibition against double jeopardy.

For the foregoing reasons, the state courts' denial of relief on this issue was not contrary to or an unreasonable application of Supreme Court law.  Young is not entitled to relief on this issue.

## VI.    **Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Ronnie Young's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[29]St. Rec. Vol. 1 of 2, Bill of Information, 9/20/04.

court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[30]

New Orleans, Louisiana, this 8th day of December, 2010.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[30]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.